IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHARTERBANK, a federal
savings association,
    Plaintiff,

v.                         CASE NO.:   3:11cv522/RV/CJK

TW HOSPITALITY LLC;
RICHARD M. COLBERT;
LAWRENCE A. WRIGHT;
SUMMIT BANK, N.A.;
FIRST CITY BANK OF FLORIDA;
STATE OF FLORIDA DEPARTMENT
OF REVENUE; AMERICAN HOTEL
REGISTER CO.; TRAVEL MEDIA
GROUP a division of DOMINION ENTERPRISES
GROUP, LLC; and SIGN SERVICE AND
INSTALLATIONS, INC.;
    Defendants.
_____/

## REPORT AND RECOMMENDATION CONCERNING FINAL JUDGMENT OF FORECLOSURE

Plaintiff CHARTERBANK filed this cause of action for payment on a promissory note and foreclosure of a mortgage.[1] Pending before the court is Plaintiff Charterbank's Motion for Summary Judgment (Doc. 30) against Defendants TW Hospitality LLC ("TW Hospitality"); Richard M. Colbert ("Colbert"); Lawrence A. Wright ("Wright"); Summit Bank, N.A. ("Summit"); First City Bank of Florida ("First City"); State of Florida Department of

---

[1] This Court has jurisdiction pursuant to 28 U.S.C. Section 1332 and 12 U.S.C. Section 1464(x)

Revenue ("State of Florida"); American Hotel Register Co. ("American Hotel"); Travel Media Group a Division of Dominion Enterprises Group, LLC ("Travel Media"); and Sign Service and Installations, Inc. ("Sign Service") (TW Hospitality, Colbert, Wright, Summit, First City, State of Florida, American Hotel, Travel Media and Sign Service may be collectively, individually, and interchangeably referred to as "Defendants").  No response to the motion has been filed.  The Court being fully advised and having considered the defaults of TW Hospitality, American Hotel, Travel Media, and Sign Service, the arguments, pleadings, applicable law, and evidence, finds that the motion is due to be granted.

## Summary Judgment

A motion for summary judgment may be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of proof to set forth the basis for its motion, identifying facts as to which there is no genuine dispute. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The mere failure of the nonmoving party to create a factual dispute does not itself authorize the entry of summary judgment; the moving party must establish the absence of a material dispute of fact. *See Dixie Stevedores, Inc. v. Marinic Maritime, Ltd.*, 778 F.2d 670, 673 (11th Cir. 1985). However, when a party fails to properly address another party's assertion of fact, the court may consider the fact undisputed and may grant summary judgment if the motion and supporting materials show that the moving party is entitled to it. Fed. R. Civ. P. 56(e)(2), (3); *see also* N.D. Fla. Loc. R. 56.1(A) (stating facts set forth in the required statement will be deemed

admitted unless controverted by the opposing party). "It is well established in [Florida] that an acceleration clause or promise in a mortgage confers a contract right upon the note or mortgage holder which he may elect to enforce upon default." *David v. Sun Fed. Sav. & Loan Ass'n*, 461 So. 2d 93, 95 (Fla. 1984). Under Florida law, the presentation by a payee of "an original uncanceled promissory note raises a presumption of non-payment that shifts the burden of proof to the payor to establish payment or another defense." *Cole Taylor Bank v. Shannon*, 772 So. 2d 546, 550 (Fla. 1st DCA 2000). Any challenge to a mature and regular promissory note, "or to the debt it represents, must be made by affirmative defense." *Id.* (citing *Haycook v. Ostman*, 497 So. 2d 743, 744 (Fla. 5th DCA 1981)). The law is clear that "in the absence of any valid defense, the trial court cannot refuse to enforce the terms of a note and mortgage." *GE Capital Mtg. Servs., Inc. v. Canales*, 691 So. 2d 21, 21 (Fla. 3rd DCA 1997). Additionally, a mortgage lien, which is required to be recorded, ordinarily follows the "first in time rule" of priority, *Van Eeopel Real Estate Co. v. Sarasota Milk Co.*, 129 So. 892, 894 (Fla. 1930), and thus the earliest-recorded mortgage takes priority. *See generally LaSalle Bank Nat'l Ass'n v. Blackton, Inc.*, 59 So. 3d 329, 330 (Fla. 5th DCA 2011).

The court finds that the allegations contained in the complaint against the defendants have been proven by competent evidence and that there are no material issues of fact or law in dispute. The plaintiff's Motion for Summary Judgment is supported by the evidence demonstrating that the plaintiff is entitled to judgment as a matter of law against the defendants. The mortgage is a valid lien on the property sought to be foreclosed and, as there is no evidence of any prior filed lien, it is superior to any right, title or claim of

interest by the defendants or persons who might bring a claim through or against the defendants. Plaintiff is entitled to collect the amount due on the Note plus interest, late charges, and fees and costs shown in the sworn Affidavit as to Indebtedness, filed contemporaneously with the Motion for Summary Judgment. (Doc. 30). Plaintiff is also entitled to have the mortgage foreclosed upon to satisfy the outstanding indebtedness on the Note. Plaintiff is entitled to collect the indebtedness described in paragraph 2 herein from defendants Colbert and Wright on their Guaranties, which guarantee payment of any indebtedness of TW Hospitality. Defendant Summit has presented no evidence or argument in support of its affirmative defenses, and having reviewed the record and the applicable law, the court finds that the affirmative defenses asserted are not supported by fact or law.

Accordingly, it is hereby RECOMMENDED as follows:

1. The plaintiff's Motion for Summary Judgment (Doc. 30) should be GRANTED.

2. Plaintiff should recover, as further set out in this Report and Recommendation, from defendant TW Hospitality the following amounts due under the promissory note and mortgage sued upon and costs:

Note:

| | | |
|---|---|---|
| Principal | | $4,545,296.00 |
| Interest through | 4/11/12 | $441,695.87 |
| Interest from | 4/11/12 through 7/30/12 | $48,609.42 |
| Late Charges | | $7,444.86 |
| Real Estate Taxes | | $115,682.04 |

Costs:

| | |
|---|---|
| Clerk's filing fee | $352.00 |
| Lis Pendens recording fee | $35.50 |
| Service of process fees | $590.00 |
| Title search costs | $260.00 |

The daily default rate of $441.90378 to date of judgment.

Total $5,159,965.69

By separate order following the foreclosure sale, the expenses and costs incurred by the Special Master and set forth in the Special Master's report to the court pursuant to paragraph 7 below should be added to this amount, together with interest continuing to accrue on the unpaid principal balance at the post-judgment interest rate pursuant to 28 U.S.C. §1961, from the date of this judgment until paid, for all of which let execution issue.

**AS TO COUNT 1 (Foreclosure of Mortgage)**, it is further RECOMMENDED that the court determine as follows**:**

3. That the plaintiff holds a lien for the amount equal to the indebtedness described in paragraph 2 on the property covered by that certain Mortgage and Security Agreement, dated August 16, 2007, executed by TW Hospitality, with said Mortgage and an Assignment of Leases, Rents, and Profits securing the payment of the Promissory Note to the payee named therein; the Mortgage was recorded in Official Records Book 2770 at Page 4530 of the Public Records of Walton County, Florida, and mortgaged the property described in said Mortgage, including personal property identified in said Mortgage; the Assignment of Leases, Rents, and Profits was recorded in Official Records Book 2770 at Page 4539 of the Public Records of Walton County, Florida and included a security interest in the accounts, inventory, and

equipment as identified in Schedule "A" of the UCC-1 Financial Statements filed with the State of Florida on August 20, 2007 (#200706329145) and May 9, 2011 (#201104561571), and established a security interest in all rents, issues, profits, revenues, royalties, rights and benefits of TW Hospitality (herein collectively referred to as the "Mortgage"); the Promissory Note and Mortgage that are the subject of this action were thereafter assigned to plaintiff pursuant to that certain Blanket Assignment of Loans and Liens to plaintiff CharterBank, dated September 21, 2011, recorded in Official Records Book 2874 at Page 1032 of the Public Records of Walton County, Florida, and which lien is prior, paramount, and superior to all rights, claim, title, interest, liens, encumbrances, and equities of the defendants, and all persons, firms or corporations claiming by, through, under, or against them, and any junior lienholders; and that if said indebtedness is not paid, said property situate, lying and being in Walton County, Florida and described in the Exhibit "A" attached hereto and made a part hereof (the "Property"), the Special Master appointed herein shall sell the Property at public sale on the front steps of the Walton County Courthouse, 571 U.S. Highway 90 East, DeFuniak Springs, Walton County, Florida, 32435, on a date to be set by the Special Master and set forth in required published notices, to the highest and best bidder for cash, except as set forth hereinafter, after having first given notice pursuant to 28 U.S.C. §2001-2003. The Property shall not be sold by the Special Master appointed herein if plaintiff's duly authorized representative or plaintiff's counsel is not present at the public sale.

  4.  Notwithstanding the foregoing paragraph, this court is without jurisdiction to adjudicate the foreclosure as to the State of Florida, Department of Revenue, and therefore, the State of Florida, Department of Revenue, is

dismissed from this action; said dismissal is without prejudice to the plaintiff's right to proceed in state court to re-foreclosure, terminate the State's right of redemption, or take such other and further action as it deems necessary and appropriate, and nothing herein shall be construed to bar such action.

5.   Pursuant to Fed. R. Civ. P. 69, the procedures for the sale shall be in accordance with the practice and procedure of the State of Florida as provided in Chapter 45, Florida Statutes, except that title shall vest in the purchaser at the sale pursuant to a Special Master's Deed issued after confirmation of any sale by the court.

6.   Plaintiff is authorized to bid at the sale and any bid by the plaintiff shall be a credit against the indebtedness due to the plaintiff.  Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Special Master if the plaintiff is not the purchaser of the Property for sale in accordance with the Order Confirming Sale.  If the plaintiff is the purchaser, the Special Master shall credit the plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.  If a third party is the purchaser at the sale, ten (10%) percent of the bid price by certified check shall be paid at the time of the sale, with the balance to be paid by certified check to the Special Master within twenty-four (24) hours after the sale.

7.   It is further RECOMMENDED, pursuant to the suggestion of CharterBank, the court give notice of its intent to appoint Mr. Louis A. Maygarden, III, Esquire, of Shell, Fleming, Menge & Davis, 226 Palafox Place, Ninth Floor, Seville Tower, Pensacola, 32502, as Special Master for the purpose of conducting the foreclosure sale called for in the preceding

paragraphs. *See* Fed. R. Civ. P. 53(b)(1), subject to the following conditions. All parties shall have ten (10) days from the date of this order to file a written objection with the court. The clerk is directed to send notice to Mr. Maygarden as well, who, shall file an affidavit disclosing whether there is any ground for disqualification under 28 U.S.C. § 455 within ten (10) days of this order. If no objection is filed and no grounds for disqualification are disclosed, then this paragraph shall constitute an order of appointment of Mr. Maygarden as Special Master herein. The Special Master is directed to proceed with all reasonable diligence to publish a Notice of Sale in accordance with the directions set forth above, and that Notice shall contain reference to this judgment, a description of the property to be sold, and the time, place, and terms of the sale. Upon the sale, the Special Master shall receive proceeds from it and shall, no later than ten (10) days after the sale, file a report of the sale, along with proof of the publication of the Notice of Sale. The Special Master may communicate ex parte with any of the parties to this action regarding any matters pertaining to the foreclosure sale scheduled pursuant to this judgment. The Special Master shall be compensated by plaintiff at a rate of $200.00 per hour for all time expended to complete the above-described tasks and responsibilities, and shall also be reimbursed by the plaintiff for all costs and or expenses necessary to complete the above-described tasks and responsibilities pertaining to the foreclosure sale scheduled pursuant to this judgment, all of which shall be added to the indebtedness due and owing from the defendant TW Hospitality, as more fully set forth in paragraph 2 above.

      As to the sale, it is further RECOMMENDED:

8.  Upon confirmation by the court of any sale, if there are no objections to the sale within ten (10) days of such confirmation, the proceeds of the sale shall be distributed as directed in an Order Confirming the Sale, and the purchaser at the sale shall be entitled to conveyance by a Special Master's Deed, free and clear of all rights of the defendants, and all persons claiming by, through, under, or against the defendants shall stand forever barred and foreclosed of all right, title and interest of whatever kind or nature in and to the property, and the purchaser shall be entitled to immediate possession of the property. The purchaser will pay for and affix any documentary stamps or taxes required for recording the Special Master's Deed.

9.  **If the subject property is sold at public auction, there may be additional money from the sale after payment of persons who are entitled to be paid from the sale proceeds pursuant to the final judgment of foreclosure. As to such additional money, the Special Master shall advise as follows. "If you are a subordinate lienholder claiming a right to funds remaining after the sale, you must file a claim with the Special Master no later than 60 days after the sale. If you fail to file a claim, you will not be entitled to any remaining funds. If you are the property owner, you may claim these funds yourself. You are not required to have a lawyer or any other representation and you do not have to assign your rights to anyone else in order for you to claim any money to which you are entitled. Please check with the Special Master within ten (10) days after the sale to see if there is additional money from the foreclosure sale**."

10. At any time before the filing of the Special Master's report of the sale, defendant TW Hospitality may cure the indebtedness adjudicated due

herein and prevent a foreclosure sale by paying the amount of money specified in this judgment, plus the reasonable expenses of proceeding to foreclosure incurred to the time of the tender. Otherwise, there is no right of redemption.

11. Jurisdiction over this action be retained to enter such further orders as are proper, including without limitation, an Order Confirming Sale, Writs of Assistance, Possession and Deficiency Judgments; and the defendants are enjoined and restrained from damaging, molesting, vandalizing or otherwise harming the improvements located on the real property described in this judgment, or from removing from said property anything affixed to the real property in such fashion that it has become part of the realty or improvements, and the court cautions said defendants that any violation of this provision by themselves or anyone could subject them to contempt powers of this court.

12. Any person with a disability who needs any accommodation in order to participate in this proceeding, is entitled, at no cost to the person, to the provisions of certain assistance.  Please contact the office of Borowski & Traylor, P.A., 25 W. Cedar Street, Suite 525, Pensacola, Florida 32502, (850) 429-2027, within two (2) working days of your request of this Judgment.

**AS TO COUNT 2 (Suit on Note against TW Hospitality):**

13. On August 1, 2010, TW Hospitality executed and delivered a renewal Promissory Note to First National Bank of Florida evidencing and renewing an indebtedness of $4,468,291.00.  Said Promissory Note has been assigned to plaintiff CharterBank pursuant to that certain Blanket Assignment of Loans and Liens dated September 21, 2011, recorded in Official Records Book 2874, Page 1032, of the Public Records of Walton County, Florida, and

it is hereby adjudged that plaintiff CharterBank owns, holds, and is entitled to the Promissory Note.

14. TW Hospitality has defaulted under the Promissory Note by: (1) failing to pay the required installments due under the Note, and (2) failing to satisfy the note when it matured on October 1, 2011.

15. Therefore it is RECOMMENDED that plaintiff shall recover from defendant TW Hospitality the total amount of $5,043,046.15, for which let execution issue. Following the foreclosure sale, the fair market value of the Property will be credited towards the judgment outstanding against defendant TW Hospitality.

**AS TO COUNT 3 (Suit on Guaranty against Richard M. Colbert):**

16. Defendant Richard M. Colbert, on August 9, 2009, executed and delivered a Guaranty to First National Bank of Florida, guaranteeing payment of any indebtedness of Defendant TW Hospitality. Said Guaranty has been assigned to plaintiff CharterBank pursuant to that certain Blanket Assignment of Loans and Liens dated September 21, 2011, recorded in Official Records Book 2874, Page 1032, of the Public Records of Walton County, Florida, and it is hereby adjudged that plaintiff CharterBank owns, holds, and is entitled to enforce the valid Guaranty.

17. Therefore it is RECOMMENDED that plaintiff shall recover from defendant Colbert the total amount of $5,159,965.69, as described in paragraph 2 above, for which let execution issue. Following the foreclosure sale, the fair market value of the Property will be credited towards the judgment outstanding against defendant Colbert.

**AS TO COUNT 4 (Suit on Guaranty against Lawrence A. Wright):**

18.    Defendant Lawrence A. Wright, on August 16, 2007, September 24, 2008, February 9, 2009 executed and delivered Guaranties to First National Bank of Florida, guaranteeing payment of any indebtedness of defendant TW Hospitality.  Said Guaranties have been assigned to plaintiff CharterBank pursuant to that certain Blanket Assignment of Loans and Liens dated September 21, 2011, recorded in Official Records Book 2874, Page 1032, of the Public Records of Walton County, Florida, and it is hereby adjudged that plaintiff CharterBank owns, holds, and is entitled to enforce the valid Guaranties.

19.    Therefore it is RECOMMENDED that plaintiff shall recover from defendant Wright the total amount of $5,159,965.69, as described in paragraph 2 above, for which let execution issue.  Following the foreclosure sale, the fair market value of the Property will be credited towards the judgment outstanding against Defendant Wright.

DONE AND ORDERED this 31st day of July, 2012.

/s/ *Charles J. Kahn, Jr.*
CHARLES J. KAHN JR.
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

A PARCEL OF LAND LYING IN SECTION 10, TOWNSHIP 2 NORTH RANGE 19 WEST, WALTON COUNTY, FLORIDA DESCRIBED AS FOLLOWS:—COMMENCING AT THE NORTHEAST CORNER OF SECTION 10, TOWNSHIP 2 NORTH, RANGE 19 WEST, WALTON COUNTY, FLORIDA, AND PROCEED; THENCE SOUTH 04 DEGREES 50 MINUTES 00 SECONDS WEST A DISTANCE OF 872.55 FEET TO THE NORTHEAST CORNER OF LANDS DESCRIBED IN OFFICIAL RECORDS BOOK 646, PAGE 136 OF THE PUBLIC RECORDS FOR SAID COUNTY THENCE NORTH 74 DEGREES 59 MINUTES 35 SECONDS WEST ALONG THE NORTHERN BOUNDARY OF THE AFORESAID LANDS, A DISTANCE; OF 239.84 FEET TO THE NORTHWEST CORNER OF SAID LANDS DESCRIBED IN OFFICIAL RECORDS BOOK 646, PAGE 136; THENCE SOUTH 00 DEGREES 36 MINUTES 45 SECONDS WEST ALONG THE WEST BOUNDARY OF THE AFORESAID LANDS, A DISTANCE OF 146.68 FEET TO THE SOUTHWEST CORNER OF SAID LANDS DESCRIBED IN OFFICIAL RECORDS BOOK 646, PAGE 136, AND ON THE NORTHERN RIGHT OF WAY BOUNDARY OF A 100 FOOT WIDE ROADWAY KNOWN AS STATE ROAD 278 AND TO A POINT OF CURVATURE; THENCE NORTHWESTERLY THROUGH A CURVE TURNING TO THE RIGHT WITH A RADIUS OF 448.22 FEET, HAVING A CENTRAL ANGLE OF 12 DEGREES 23 MINUTES 39 SECONDS AND AN ARC LENGTH OF 96.96 FEET; (CHORD BEARING: NORTH 52 DEGREES 43 MINUTES 09 SECONDS WEST, CHORD DISTANCE: 96.77 FEET) TO THE POINT OF TANGENCY; THENCE NORTH 46 DEGREES 19 MINUTES 57 SECONDS WEST ALONG SAID NORTHERN RIGHT OF WAY BOUNDARY A DISTANCE OF 832.47 FEET TO THE POINT OF BEGINNING THENCE NORTH 46 DEGREES 19 MINUTES 57 SECONDS WEST ALONG SAID NORTHERN RIGHT OF WAY BOUNDARY, A DISTANCE OF 486.99 FEET TO A POINT OF CURVATURE; THENCE NORTHWESTERLY THROUGH A CURVE TURNING, TO THE LEFT WITH A RADIUS OF 1195.92 FEET HAVING A CENTRAL ANGLE OF 00 DEGREES 32 MINUTES 07 SECONDS AND AN ARC LENGTH OF 11.17 FEET (CHORD BEARING NORTH 51 DEGREES 49 MINUTES 03 SECONDS WEST, CHORD DISTANCE: 11.17 FEET); THENCE SOUTH 89 DEGREES 06 MINUTES 55 SECONDS EAST ALONG SAID NORTH BOUNDARY AND THE SOUTH RIGHT OF WAY LINE OF INTERSTATE 10, A DISTANCE OF 496.08 FEET THENCE DEPARTING SAID SOUTH RIGHT OF WAY LINE OF INTERSTATE 10 GO SOUTH 00 DEGREES 53 MINUTES 05 SECONDS WEST, A DISTANCE OF 198.89 FEET; THENCE SOUTH 43 DEGREES 24 MINUTES 49 SECONDS WEST, A DISTANCE OF 189.91 FEET TO THE POINT OF BEGINNING.—CONTAINING 2.22 ACRES, MORE OR LESS.~